## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| David Daggett, et al.,,<br><br>       Plaintiff,<br><br>v.<br><br>Waters Corporation, et al..<br><br>       Defendants. | Case No. 1:23-cv-11527 |

**[PROPOSED] ORDER PRELIMINARILY APPROVING
CLASS ACTION SETTLEMENT, APPROVING PROCEDURE AND
FORM OF NOTICE, AND SCHEDULING FINAL APPROVAL HEARING**

This matter having come before the Court on Plaintiff's Motion for preliminary approval (the "Motion For Preliminary Approval") of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff David Daggett ("Plaintiff"), individually and on behalf of a Class of participants in the Waters Employee Investment Plan (the "Plan"), and Defendants Waters Corporation, Waters Technologies Corporation, the Board of Directors of Waters Technologies Corporation, and the Employee Benefits Administration Committee of Waters Technologies Corporation (together, "Defendants"), as set forth in the Parties' Class Action Settlement Agreement (the "Settlement Agreement"), and having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

      1.     The Court has read and considered the Settlement Agreement, including its Exhibits, and having heard from the Parties hereby preliminarily approves the Settlement Agreement in its entirety. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Settlement Agreement.

1

2.      The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is cause to believe that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval, (ii) the Settlement Agreement has been negotiated in good faith at arms-length between experienced attorneys familiar with the legal and factual issues of this case, (iii) the form of notice of the Settlement and of the Fairness Hearing is appropriate and warranted; and (iv) the Settlement meets all applicable requirements of law, including Federal Rule of Civil Procedure 23, and is not a coupon settlement for purposes of 28 U.S.C. § 1712. The Settlement Agreement and this Order, collectively or individually, are not a finding or admission of liability by Defendants or any other party.

3.      For settlement purposes, the Court hereby certifies the following Class:

> All participants and beneficiaries of the Waters Employee Investment Plan (excluding the Defendants or any participant/beneficiary who served on the Fiduciary Committees) beginning July 7, 2017, and running through the date of the Preliminary Approval Order.

4.      For settlement purposes, the Court hereby preliminarily approves the appointment of Plaintiff David Daggett as class representative.

5.      For settlement purposes, the Court hereby preliminarily approves the appointment of Walcheski & Luzi, LLC as Class Counsel.

6.      On [date] at [time] or at such other date and time later set by Court Order, in courtroom [ ] of the John Joseph Moakley U.S. Courthouse, 1 Courthouse Way, Boston, Massachusetts, this Court will hold a hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement and to determine whether: (i) final approval of the Settlement should be granted, and (ii) Class Counsel's application for Attorneys' Fees and Costs, Settlement Administrative Expenses, and Service Awards to the Named Plaintiff, should be granted, and in

what amount.[1] No later than fourteen (14) days prior to the deadline for Class Members to object to the Settlement Agreement, Class Counsel shall file an application for Attorneys' Fees and Costs, Settlement Administrative Expenses, and Service Awards to the Named Plaintiff. No later than [date 14 days prior to Fairness Hearing], Plaintiff shall file papers in support of Final Approval of the Settlement Agreement and in response to any written objections.

7. Pursuant to the Settlement Agreement, [___] is hereby appointed the Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order. [___], or its designee, is additionally appointed the Escrow Agent and shall be required to perform all the duties of the Escrow Agent as set forth in the Settlement Agreement and this Order.

8. The Court approves the proposed Notice as a means of giving direct notice to Class Members by email or mail and also by establishing a Settlement Website, as more fully described in the Settlement Agreement. Former Participant Class Members will additionally receive the Former Participant Rollover Form. The Court finds that the proposed Notice and content therein fairly and adequately:

    a.    Summarize the claims asserted;

    b.    Describe the terms and effect of the Settlement;

    c.    Notify the Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees and Costs, Settlement Administrative Expenses, and Service Awards;

    d.    Give notice to the Class of the time and place of the Fairness

---

[1] Any change in the date, time, location, or format of the hearing shall be posted on the Settlement Website.

        Hearing, and of Class Members' right to appear; and

        e.     Describe how the recipients of the Notices may object to the Settlement, or any requested Attorneys' Fees and Costs, Settlement Administrative Expenses, or Service Awards.

9.     No later than thirty (30) calendar days following the entry of this Preliminary Approval Order, the Settlement Administrator shall cause the Settlement Website to be published on the Internet. No later than thirty (30) calendar days following the entry of this Preliminary Approval Order and in accordance with the terms of the Settlement Agreement, the Settlement Administrator also shall disseminate the Notices that are Exhibits 1 and 2 to the Settlement Agreement to the Class Members and the Former Participant Rollover Form that is Exhibit 3 to the Settlement Agreement to the Former Participant Class Members. Former Participant Class Members must submit a Former Participant Rollover Form to the Settlement Administrator by a date no later than fourteen (14) calendar days before the Fairness Hearing in order to be eligible for a rollover.

10.    Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the Notices constitute the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23 and due process.

11.    Any Class Member may comment in support of or in opposition to the Settlement Agreement; provided, however, that all comments and objections shall only be considered by the Court at the Fairness Hearing if they have been timely sent to Class Counsel and Defendants' Counsel. To be timely, the comment and/or objection and any supporting documents must be mailed or otherwise delivered to Class Counsel and Defendant's Counsel by twenty-eight

(28) calendar days prior to the date of the Fairness Hearing. A Class Member who objects to the Settlement need not appear at the Fairness Hearing for the Class Member's comment to be considered by the Court. All objections from Class Members must include in the written objection the Class Member's name and address; state that the person submitting the objection is a Class Member; state the specific grounds for the objection; include all arguments, citations, and evidence supporting the objection (including copies of any documents relied on); provide a physical signature for the objecting Class Member; and provide a statement indicating whether the objector intends to appear at the Fairness Hearing.

12. Class Counsel shall file any objections to any aspect of the Settlement with the Court as part of their motion for Final Approval of the Settlement.

13. Any party may file a response to an objection by a Class Member before the Fairness Hearing.

14. Any Class Member who fails to object in the manner prescribed herein shall be deemed to have waived such Class Member's objections and forever be barred from making any such objections in this Action or in any other action or proceeding.

15. Each Class Member is preliminarily enjoined from suing Defendants, Individual Fiduciary Committee Members, Individual Board Members, the Plan, or the Released Parties in any action or proceeding alleging any of the Plaintiffs' Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Plaintiffs' Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any

other capacity, commence any action or proceeding in any court or tribunal asserting any of the Plaintiffs' Released Claims against the Defendants, the Plan, or Released Parties.

16. The Settlement Agreement and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of: (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties or a Released Party. Defendants have denied and continue to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent the Parties from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

17. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, then the Parties and Class Members will be restored to their respective positions immediately before the execution of the Settlement Agreement, this Action shall proceed in all respects as if the Settlement Agreement and any related orders had not been entered, any order entered by the Court pursuant to the terms of the Settlement Agreement shall be treated as vacated *nunc pro tunc,* and no reference to the Settlement Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

**IT IS SO ORDERED** this ____ day of _____, 2024.

                                                _____

                                                Hon. Myong J. Joun
                                                United States District Court Judge