# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAVID DAGGETT, individually, and as a representative of a Class of Participants and Beneficiaries of the Waters Employee Investment Plan,<br><br>Plaintiff<br><br>v.<br><br>WATERS CORPORATION, ET AL.,<br><br>Defendants. | Case No. 1:23-cv-11527-JGD |

**[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Wherefore, this __ day of _____, 2025, upon consideration of Plaintiff's Motion for Final Approval of the Class Action Settlement Agreement, dated September 30, 2024, in the above matter, the Court hereby orders and adjudges as follows:

1. For purposes of this Final Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

3. The following Settlement Class is certified under Rule 23(b)(1) of the Federal

Rules of Civil Procedure for purposes of the Settlement only:

> All participants and beneficiaries of the Waters Employee Investment Plan (excluding the Defendants or any participant/beneficiary who is a fiduciary to the Plan) beginning July 7, 2017, and running through the date of the Preliminary Approval Order.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and 23(b)(1).

4.      Pursuant to Rules 23(e)(2), the Court hereby approves and confirms the Settlement and the terms therein as being fair, reasonable, and adequate to the Plan and the Class Members.

5.      The Court hereby approves the Settlement and orders that the Settling Parties take all necessary steps to effectuate the terms of the Settlement Agreement.

6.      In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, Analytics, the Settlement Notices were timely distributed by electronic mail to all Class Members who could be identified with reasonable effort.  In addition, pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, *et seq*. ("CAFA"), notice was provided to the Attorneys General for each of the states in which a Class Member resides and the Attorney General of the United States.

7.      The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the Fairness Hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto, and the requirements of Rule 23 and due process have been met.

8. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

    A. The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

    B. The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

    C. The Settling Parties were well positioned to evaluate the value of the Class Action;

    D. If the Settlement had not been achieved, both Plaintiff and Defendants faced the expense, risk, and uncertainty of extended litigation;

    E. The amount of the Settlement ($800,000.00) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

    F. The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate;

    G. Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court; and

    H. There were zero objections to the settlement.

    I. The Settlement was reviewed by an independent fiduciary, Fiduciary Counselors Inc., who has approved the Settlement.

9.      The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the Settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plans and the Settlement Class. The Motion for Attorney Fees and Costs, Administrative Expenses, and Case Contribution Award is hereby GRANTED.

10.     This Class Action and all Released Claims asserted therein, whether asserted by the Class Representative on his own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plan, are dismissed with prejudice, without costs to any of the Settling Parties other than as provided for in the Settlement Agreement.

11.     The Class Representative and each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members actually received the Settlement Notices, whether or not such Class Members received a monetary benefit from the Settlement, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

12. The Plan and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plan shall be (1) conclusively deemed to have, and by operation of the Final Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (2) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members actually received the Settlement Notices, whether or not such Class Members received a monetary benefit from the Settlement, whether or not such Class Members have filed an objection to the Settlement or to any application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

13. The Class Representative and each Class Member shall release Defendants, Defendants' Counsel, Class Counsel, the Released Parties, and the Plan from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and from all tax liability any tax liability, and associated penalties and interest as well as related attorneys' fees and expenses.

14. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing and interpreting this Final Order and/or the Settlement Agreement.

15. The Court finds that all applicable CAFA requirements have been satisfied.

16. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each eligible Current Participant and Former Participant pursuant to the Plan of Allocation approved by the Court.

17. With respect to any matters that arise concerning the implementation of distribution to Class Members who are current participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion pursuant to the Plan of Allocation), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Administrator or other fiduciaries of the Plan in accordance with applicable law and the governing terms of the Plan.

18. Within twenty-one (21) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a Settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution.

19. Upon the Settlement Effective Date under the Settlement Agreement, all Settling Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by this Final Approval Order.

**IT IS SO ORDERED.**

Dated: _____          _____
                                        Hon. Myong J. Joun
                                        United States District Judge