UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID DAGGETT, individually, and as a representative of a Class of Participants and Beneficiaries of the Waters Employee Investment Plan,<br><br>　　　　　　Plaintiff<br><br>　　　　　　v.<br><br>WATERS CORPORATION, ET AL.,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-11527-JGD |

**DECLARATION OF PAUL M. SECUNDA IN SUPPORT OF
PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

I, Paul M. Secunda, declare and state as follows:

1. I am a partner at Walcheske & Luzi, LLC ("Walcheske & Luzi"), and am one of the attorneys of record for Plaintiff in the above captioned action. I respectfully submit this declaration in support of the accompanying Motion for Final Approval of Class Action Settlement.

2. As Class Counsel, I conducted substantial investigation and analysis of Plaintiff's claims, commencing even before the filing of the initial pleading, and, throughout the course of the litigation and settlement efforts, reviewed and analyzed documents pertaining to the Waters Plan's administration and Defendants' fiduciary process, including disclosures made to participants in the Plan.

3. For the reasons stated in my declaration in support of preliminary approval of the

Settlement (Dkt. 66), and for the additional reasons set forth herein, I believe that the Settlement is fair, reasonable, and adequate.

### Report of the Independent Fiduciary

4. Pursuant to Prohibited Transaction Exemption 2003-39 (PTE 2003-39) and Section 2.2 of the Settlement Agreement (Dkt. 67-1), an Independent Fiduciary (Fiduciary Counselors Inc.) reviewed the Settlement on behalf of the Plan. As part of this review, the Independent Fiduciary personally discussed the Settlement with me (and separately with defense counsel and the mediator) by telephone, and subsequently issued a report after the review. A true and correct copy of the report is attached hereto as **Exhibit 1**. In the report, the Independent Fiduciary affirmed, among other things, that: "(i) [t]he Settlement terms, including the scope of the release of claims, the amount of cash received by the Plan and the amount of any attorneys' fee award or any other sums to be paid from the recovery, are reasonable in light of the Plan's likelihood of full recovery, the risks and costs of litigation, and the value of claims forgone," *Ex. 1* at 3; (ii) "[t]he terms and conditions of the transaction are no less favorable to the Plan than comparable arm's-length terms and conditions that would have been agreed to by unrelated parties under similar circumstances," *id*.; (3) "[t]he transaction is not part of an agreement, arrangement or understanding designed to benefit a party in interest," *id.*; and (iv) "[t]he Plan of Allocation [is] reasonable," as well as the request for attorneys' fees and costs, administrative expenses, and the case contribution award. *Id.* at 10-11.

### Reaction of the Class to the Settlement

5. The reaction of the Class to the Settlement also has been overwhelmingly favorable. The period to object to the Settlement pursuant to the Preliminary Approval Order ended on March 6, 2025. See Dkt. 69, ¶ 11. As of the date of this Declaration, there have been

no objections to the Settlement from any of the 6,264 Class Members who were sent a Notice of Settlement.

6.  Class Counsel have fielded a number of calls and provided information regarding the Settlement, and no Class member has voiced any opposition to the Settlement.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 17, 2025                                             s/*Paul M. Secunda*
                                                                  Paul M. Secunda

## CERTIFICATE OF SERVICE

    I hereby certify that on March 17, 2025, I caused a copy of the foregoing to be electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*s/Paul M. Secunda*
Paul M. Secunda