**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| DAVID DAGGETT, individually, and as a representative of a Class of Participants and Beneficiaries of the Waters Employee Investment Plan, <br><br> Plaintiff, <br><br> v. <br><br> WATERS CORPORATION, WATERS TECHNOLOGIES CORPORATION, BOARD OF DIRECTORS OF WATERS TECHNOLOGIES CORPORATION, and EMPLOYEE BENEFITS ADMINISTRATION COMMITTEE OF WATERS TECHNOLOGIES CORPORATION, <br><br> Defendants. | Civil Action No. 23-11527-MJJ |

**ORDER ON PLAINTIFF'S MOTION**
**FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

April 4, 2025

JOUN, D.J.

Wherefore, this 4th day of April, 2025, upon consideration of Plaintiff's Motion for Final

Approval of the Class Action Settlement Agreement, dated September 30, 2024, in the above

matter, the Court hereby orders and adjudges as follows:

1.     For purposes of this Final Order and Judgment, except as otherwise defined

herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in

the Settlement Agreement.

2.      The Court has jurisdiction over the subject matter of this action and personal

jurisdiction over all parties to the action, including all members of the Settlement Class.

3.      The following Settlement Class is certified under Rule 23(b)(1) of the Federal

Rules of Civil Procedure for purposes of the Settlement only:

> All participants and beneficiaries of the Waters Employee Investment Plan (excluding the
> Defendants or any participant/beneficiary who is a fiduciary to the Plan) beginning July
> 7, 2017, and running through the date of the Preliminary Approval Order.

The Court finds that this Settlement Class meets all of the requirements of Rule 23(a) and

23(b)(1).

4.      Pursuant to Rules 23(e)(2), the Court hereby approves and confirms the

Settlement and the terms therein as being fair, reasonable, and adequate to the Plan and the Class

Members.

5.      The Court hereby approves the Settlement and orders that the Settling Parties take

all necessary steps to effectuate the terms of the Settlement Agreement.

6.      In accordance with the Court's Orders, and as reflected in the information from

the Settlement Administrator, Analytics, the Settlement Notices were timely distributed by

electronic mail to all Class Members who could be identified with reasonable effort. In addition,

pursuant to the Class Action Fairness Act, 28 U.S.C. § 1711, et seq. ("CAFA"), notice was

provided to the Attorneys General for each of the states in which a Class Member resides and the

Attorney General of the United States.

7.      The form and methods of notifying the Class Members of the terms and

conditions of the proposed Settlement Agreement met the requirements of Rules 23(c)(2) and (e),

and due process, and constituted the best notice practicable under the circumstances; and due and

sufficient notices of the Fairness Hearing and the rights of all Class Members have been

provided to all people, powers and entities entitled thereto, and the requirements of Rule 23 and due process have been met.

   8.  The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determinations of mixed fact/law questions:

     A.  The Settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

     B.  The Settlement was negotiated only after Class Counsel had received pertinent information and documents from Defendants;

     C.  The Settling Parties were well positioned to evaluate the value of the Class Action;

     D.  If the Settlement had not been achieved, both Plaintiff and Defendants faced the expense, risk, and uncertainty of extended litigation;

     E.  The amount of the Settlement ($800,000.00) is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case, based on the nature of the claims, the potential recovery, the risks of litigation, and settlements that have been approved in other similar cases;

     F.  The Class Representative and Class Counsel have concluded that the Settlement Agreement is fair, reasonable, and adequate;

     G.  Class Members had the opportunity to be heard on all issues regarding the Settlement and release of claims by submitting objections to the Settlement Agreement to the Court;

     H.  There were zero objections to the settlement; and

I.       The Settlement was reviewed by an independent fiduciary, Fiduciary

Counselors Inc., who has approved the Settlement.

9.       The Motion for Final Approval of the Settlement Agreement is hereby

GRANTED, and the Settlement of the Class Action is APPROVED as fair, reasonable and

adequate to the Plans and the Settlement Class. The Motion for Attorney Fees and Costs,

Administrative Expenses, and Case Contribution Award is hereby GRANTED.

10.      The Court finds the requested attorneys' fees in the amount of $266,667.00,

litigation costs in the amount of $60,601.65, administrative expenses in the amount of

$56,606.00, and case contribution award in the amount of $7,500.00 to named Plaintiff David

Daggett, to be fair and reasonable.

11.      This Class Action and all Released Claims asserted therein, whether asserted by

the Class Representative on his own behalf or on behalf of the Class Members, or derivatively to

secure relief for the Plan, are dismissed with prejudice, without costs to any of the Settling

Parties other than as provided for in the Settlement Agreement.

12.      The Class Representative and each Class Member and their respective heirs,

beneficiaries, executors, administrators, estates, past and present partners, officers, directors,

agents, attorneys, predecessors, successors, and assigns, shall be (1) conclusively deemed to

have, and by operation of the Final Order shall have, fully, finally, and forever settled, released,

relinquished, waived, and discharged Defendants, the Plan, and the Released Parties from all

Released Claims, and (2) barred and enjoined from suing Defendants, the Plan, or the Released

Parties in any action or proceeding alleging any of the Released Claims, even if any Class

Member may thereafter discover facts in addition to or different from those which the Class

Member or Class Counsel now know or believe to be true with respect to the Class Action and

the Released Claims, whether or not such Class Members actually received the Settlement

Notices, whether or not such Class Members received a monetary benefit from the Settlement,

whether or not such Class Members have filed an objection to the Settlement or to any

application by Class Counsel for an award of Attorneys' Fees and Costs, and whether or not the

objections or claims for distribution of such Class Members have been approved or allowed.

13.    The Plan and each Class Member (and their respective heirs, beneficiaries,

executors, administrators, estates, past and present partners, officers, directors, agents, attorneys,

predecessors, successors, and assigns) on behalf of the Plan shall be (1) conclusively deemed to

have, and by operation of the Final Order shall have, fully, finally, and forever settled, released,

relinquished, waived, and discharged Defendants and the Released Parties from all Released

Claims, and (2) barred and enjoined from suing Defendants or the Released Parties in any action

or proceeding alleging any of the Released Claims, even if any Class Member may thereafter

discover facts in addition to or different from those which the Class Member or Class Counsel

now know or believe to be true with respect to the Class Action and the Released Claims,

whether or not such Class Members actually received the Settlement Notices, whether or not

such Class Members received a monetary benefit from the Settlement, whether or not such Class

Members have filed an objection to the Settlement or to any application by Class Counsel for an

award of Attorneys' Fees and Costs, and whether or not the objections or claims for distribution

of such Class Members have been approved or allowed.

14.    The Class Representative and each Class Member shall release Defendants,

Defendants' Counsel, Class Counsel, the Released Parties, and the Plan from any claims,

liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement

Amount or Net Settlement Amount and from any tax liability, and associated penalties and interest as well as related attorneys' fees and expenses.

15.     The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over the Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing and interpreting this Final Order and/or the Settlement Agreement.

16.     The Court finds that all applicable CAFA requirements have been satisfied.

17.     The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each eligible Current Participant and Former Participant pursuant to the Plan of Allocation approved by the Court.

18.     With respect to any matters that arise concerning the implementation of distribution to Class Members who are current participants in the Plan (after allocation decisions have been made by the Settlement Administrator in its sole discretion pursuant to the Plan of Allocation), all questions not resolved by the Settlement Agreement shall be resolved by the Plan Administrator or other fiduciaries of the Plan in accordance with applicable law and the governing terms of the Plan.

19.     Within twenty-one (21) calendar days following the issuance of all Settlement payments to Class Members as provided by the Plan of Allocation approved by the Court, the Settlement Administrator shall prepare and provide to Class Counsel and Defendants' Counsel a list of each person who received a Settlement payment or contribution from the Settlement Fund and the amount of such payment or contribution.

20.    Upon the Settlement Effective Date under the Settlement Agreement, all Settling

Parties, the Settlement Class, and the Plan shall be bound by the Settlement Agreement and by

this Final Approval Order.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge